UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK, N.A., NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR THE HOLDERS OF THE BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006-AC1, ASSET BACKED CERTIFICATES SERIES 2006-AC1,<br><br>         Plaintiff(s),<br><br> v.<br><br>SFR INVESTMENTS POOL I, LLC,<br><br>         Defendant(s). | Case No. 2:15-CV-1527 JCM (NJK)<br><br>ORDER |

  Presently before the court is defendant SFR Investments Pool 1, LLC's motion to dismiss. (ECF No. 13). Plaintiff U.S. Bank filed a response (ECF No. 14), and defendant filed a reply. (ECF No. 16).

  In its motion to dismiss, defendant argues that plaintiff's complaint should be dismissed, with prejudice, for failing to adhere to Fed. R. Civ. P. 5.1(a)(1)(B). In the complaint, plaintiff argues that retroactively applying the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), violates the mortgagee's due process rights and is facially unconstitutional. (ECF No. 1).

  A party that files a pleading, motion, or other paper calling into question the constitutionality of a state statute must promptly "file a notice of constitutional question stating the question and identifying the paper that raises it, if . . . the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity . . . ." Fed. R. Civ. P. 5.1(a)(1)(B).

**James C. Mahan**
**U.S. District Judge**

The party must serve the notice on the state attorney general "by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose." Fed. R. Civ. P. 5.1(a)(2). Plaintiff has provided no proof of compliance with this rule.

Rule 5.1 also requires the court to "certify to the appropriate attorney general that a statute has been questioned" under 28 U.S.C. § 2403. Fed. R. Civ. P. 5.1(b). This statute provides that the court "shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b).

In light of the foregoing rule and statute, the court will deny the defendant's motion to dismiss without prejudice to allow plaintiff to comply and the attorney general to intervene. Defendant may renew its motion after the attorney general has been afforded time to appear.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (ECF No. 13), be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff shall provide notice to the Nevada attorney general in compliance with Federal Rule of Civil Procedure 5.1, and include proof of such notice upon filing any further motions raising constitutional challenges.

IT IS FURTHER ORDERED that this court hereby certifies to the Nevada attorney general that it may rule on the constitutionality of the state statute at issue in this case, NRS 116.3116. The attorney general shall have thirty (30) days within which to intervene on behalf of the state of Nevada for presentation of argument on the question of the constitutionality of the statute.

IT IS FURTHER ORDERED that the clerk of court shall send a copy of this order by certified mail to the Nevada attorney general.

DATED June 16, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**