Andrew M. Jacobs, Esq.
Nevada Bar No. 12787
Wayne Klomp, Esq.
Nevada Bar No. 10109
Jennifer McBee, Esq.
Nevada Bar No. 9110
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: ajacobs@swlaw.com
       wklomp@swlaw.com
       jmcbee@swlaw.com
*Attorneys for Cross-Defendant Mortgage Electronic Registration Systems, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. BANK, N.A., NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR THE HOLDERS OF THE BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006-AC1, ASSET BACKED CERTIFICATES, SERIES 2006-AC1, a national association,<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Domestic Limited Liability Company,<br><br>Defendant. | Case No. 2:15-cv-01527-JCM-NJK<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited-liability company,<br><br>Counter/Cross Claimant,<br><br>vs.<br><br>U.S. BANK, N.A., NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR THE | |

25723978

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | HOLDERS OF THE BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006-AC1, ASSET BACKED CERTIFICATES, SERIES 2006-AC1, a national association; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation, as nominee for UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC, a Florida limited liability company, its successors and assigns, and VICHEARITH KHUON, an individual,<br><br>            Counter/Cross Defendants. |

## STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and this Court's order dated January 24, 2017 (ECF No. 41), Plaintiff and Counter-Defendant U.S. Bank National Association, N.A. Not Individually But Solely as Trustee for the Holders of the Bear Stearns Asset Backed Securities I Trust 2006-AC1, Asset Backed Certificates, Series 2006-AC1 ("U.S. Bank") together with Defendant and Counter/Cross Claimant SFR Investments Pool 1, LLC ("SFR") and Cross-Defendant Mortgage Electronic Registration Systems, Inc. ("MERS", and jointly with U.S. Bank and SFR, the "Parties"), by and through their respective counsel, submit this Stipulated Discovery Plan and Scheduling Order in the above-referenced case.  Special scheduling review is requested.

**A. Meet and Confer.**  Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1(f), a meeting was held on February 6, 2017, and was attended by representatives for U.S. Bank, SFR, and MERS.

**B. Briefing Schedule.**  MERS filed a Motion to Dismiss SFR's Cross-Claims ("Motion") on August 24, 2016 (ECF No. 34).  The Motion was substantively joined by U.S. Bank (ECF No. 39).  The case was stayed prior to the deadline for a response from SFR.  As a result, the parties have agreed to renew the briefing schedule with the following dates and request an order entering the dates:

| | |
|---|---|
| Response to Motion | Due March 7, 2017 |
| Reply in support of Motion/Joinder | Due March 21, 2017 |

- 2 -

25723978

**C. Discovery Plan.**

1. <u>Discoverable Matters</u>. Discovery may be conducted on all discoverable matters relevant to issues raised by the complaint, answer, defenses, any counterclaims, and any subsequent pleadings, consistent with the Federal Rules of Civil Procedure and the Local Rules of the District of Nevada.

2. <u>Special Scheduling Review Requested</u>. The Parties request that discovery be stayed pending a decision on the Motion to Dismiss (ECF No. 34). Following an order on the Motion, the Parties request six (6) months for discovery as contemplated by Local Rule 26-1(e)(1). The discovery stay is requested in good faith and for good cause in order to conserve party and judicial resources in the event the motion to dismiss resolves the litigation.

The Parties are requesting special review of their discovery plan and scheduling order in good faith in an attempt to avoid potentially unnecessary discovery in light of the pending dispositive motion.[1]

3. <u>Discovery Cut-Off Date</u>. The Parties jointly request 6 months from the date of an order on the Motion to Dismiss in order to conduct discovery. Once an order on the Motion to Dismiss is entered on the docket, the Parties will meet and submit a discovery plan and scheduling order containing relevant dates for amending the pleadings and adding parties, expert witness disclosures, dispositive motions, the interim status report, and the pretrial order.

**D. Other Items.**

1. <u>Alternative Dispute Resolution</u>. Pursuant to LR 26-1(b)(7), the Parties certify that they discussed the possibility of using alternative dispute resolution and concluded that it would not be helpful at this time.

2. <u>Alternative Forms of Case Disposition</u>. Pursuant to LR 26-1(b)(8), the Parties certify that they considered and did not agree to consent to trial by a magistrate judge or use of the Short Trial Program.

---

[1] At the Rule 26(f) conference, one party reserved its rights to file a motion to stay this proceeding entirely, notwithstanding anything in this document to the contrary.

- 3 -

25723978

3. <u>Initial Disclosures</u>.  Initial disclosures will be made within 14 days following a decision on the Motion to Dismiss.

4. <u>Settlement</u>. The Parties discussed settlement and are unlikely to reach settlement at this time in this matter without the presence of the additional parties.

5. <u>Court Conference</u>.  No Court conference has been held.

6. <u>Later Appearing Parties</u>. A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or, if an additional defendant should appear, within five (5) days of their first appearance.  This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown orders otherwise.

7. <u>Extension or Modification of the Discovery Plan and Scheduling Order</u>.  LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made not later than twenty-one (21) days before the expiration of the deadline sought to be extended.  *See* LR 26-4.

8. <u>Clawback Agreement</u>.  In the event that any Party (the "<u>Discloser</u>") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "<u>Recipient(s)</u>") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted.  Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Clawback Agreement, the Recipient(s) must return the specified material or documents and any copies within ten days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

- 4 -

25723978

In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Clawback Agreement, the Recipient(s) may, following the return and destruction described in Paragraph 2 of this Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the Litigation is currently pending.  The Parties agree that any review of items by the judge shall be an *in camera* review.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Clawback Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

DATED this 7th day of February, 2017.

WRIGHT, FINLAY, & ZAK, LLP

By:  */s/ Christopher A.J. Swift*
    Edgar C. Smith, Esq.
    Nevada Bar No. 5506
    Christopher A.J. Swift, Esq.
    Nevada Bar No. 11291
    7785 W. Sahara Ave., Suite 200
    Las Vegas, Nevada 89117
    *Attorneys for U.S. Bank, N.A.*

DATED this 7th day of February, 2017.

KIM, GILBERT, EBRON

By:  */s/ Diana Cline Ebron*
    Diana Cline Ebron, Esq.
    Nevada Bar No. 10580
    Jacqueline A. Gilbert, Esq.
    Nevada Bar No. 10593
    Karen L. Hanks, Esq.
    Nevada Bar No. 9578
    7625 Dean Martin Drive, Suite 110
    Las Vegas, Nevada 89139
    *Attorneys for SFR Investments Pool 1, LLC*

DATED this 7th day of February, 2017.

SNELL & WILMER L.L.P.

By:  */s/ Wayne Klomp*
    Andrew M. Jacobs, Esq.
    Nevada Bar No. 12787
    Wayne Klomp, Esq.
    Nevada Bar No. 10109
    50 West Liberty Street, Suite 510
    Reno, Nevada 89501
    *Attorneys for Mortgage Electronic Registration Systems, Inc.*

**ORDER**

**IT IS SO ORDERED**.

1. Any response to the Motion to Dismiss (ECF No. 34) will be due **March 7, 2017**.

2. Any reply to the Motion to Dismiss or Joinder will be due **March 21, 2017**.

3. Discovery will take six (6) months, measured from the date a decision is rendered on the motion to dismiss. The Parties will meet and confer regarding a new stipulated discovery plan and scheduling order within 14 days following the date of a decision on the motion to dismiss.

4. Discovery will be stayed pending a decision on the Motion to Dismiss. Good cause exists to stay discovery as it will conserve judicial and party resources.

IT IS SO ORDERED.

DATED: 2/8/17

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED: February 7, 2017.

*/s/ Lara Taylor*
Lara Taylor, Employee of Snell & Wilmer L.L.P.