UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, N.A.,<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant(s). | Case No. 2:15-CV-1527 JCM (NJK)<br><br>ORDER |

Presently before the court is crossdefendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss (ECF No. 34), to which plaintiff U.S. Bank, N.A. ("US Bank") joined (ECF No. 39). Defendant SFR Investments Pool, LLC ("SFR") filed a response (ECF No. 45), to which MERS replied (ECF No. 51).

**I.  Facts**

This case involves a dispute over real property located at 2830 Bridleton Avenue, North Las Vegas, Nevada 89081 (the "property"). On July 21, 2005, Vichearith Khuon obtained a loan in the amount of $276,150.00 from crossdefendant Universal American Mortgage Company, LLC ("UAMC") to purchase the property, which was secured by a deed of trust recorded on July 25, 2005. (ECF No. 1).

On November 17, 2009, Alessi & Koenig, LLC ("A&K"), acting on behalf of Azure Manor Rancho De Paz Homeowner Association (the "HOA"), recorded a notice of delinquent assessment lien. (ECF No. 1). On January 14, 2010, A&K recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

On February 8, 2010, A&K recorded another notice of default and election to sell to satisfy the delinquent assessment lien. (ECF No. 1). On September 16, 2010, A&K recorded a notice of trustee's sale. (ECF No. 1).

On November 9, 2010, A&K faxed Bank of America, N.A. ("BANA") a copy of a payoff for the HOA lien. (ECF No. 1 at 5). On November 22, 2010, BANA wired $495.00 to Miles, Bauer, Bergstrom, Winters LLP to pay the superpriority lien. (ECF Nos. 1 at 5; 23 at 14).

On December 13, 2011, MERS executed an assignment of deed of trust, which was recorded on December 15, 2011, assigning the deed of trust to US Bank. (ECF No. 1 at 3).

On August 14, 2012, A&K recorded another notice of trustee's sale. (ECF No. 1 at 4). On September 12, 2012, SFR purchased the property at the foreclosure sale for $7,500.00. (ECF No. 1). A trustee's deed upon sale in favor of SFR was recorded on September 24, 2012. (ECF No. 1).

On August 11, 2015, US Bank filed the underlying complaint, alleging two causes of action: (1) quiet title/declaratory judgment against SFR; and (2) injunctive relief against SFR. (ECF No. 1).

On July 7, 2016, SFR filed a counterclaim against US Bank and a crossclaim against MERS, UAMC, and Khuoion for quiet title and declaratory relief, injunctive relief, and slander of title (against US Bank). (ECF No. 23).

In the instant motion, MERS moves to dismiss SFR's crossclaims against it (claims 1 and 2) pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 34).

**II.    Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

James C. Mahan
U.S. District Judge

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

As an initial matter, the court dismisses, without prejudice, claim (2) of US Bank's complaint (ECF No. 1) and claim (2) of SFR's counter/crossclaim (ECF No. 23). These claims are dismissed without prejudice because the court follows the well-settled rule in that a claim for

"injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action.").

In the instant motion, MERS moves to dismiss SFR's quiet title claim against it pursuant to *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"). (ECF No. 34).

The Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. At issue is the "opt-in" provision that unconstitutionally shifts the notice burden to holders of the property interest at risk. *See id.*

Here, MERS is not, nor does it claim to be, a mortgage lender. Thus, *Bourne Valley*'s holding does not apply to MERS. Accordingly, the court will deny MERS's motion to dismiss (ECF No. 34).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that MERS's motion to dismiss (ECF No. 34) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that claim (2) of US Bank's complaint (ECF No. 1) and claim (2) of SFR's counter/crossclaim (ECF No. 23) be, and the same hereby are, DISMISSED WITHOUT PREJUDICE.

DATED June 21, 2017.

_____
UNITED STATES DISTRICT JUDGE