# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, N.A., | Case No. 2:15-CV-1527 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, | |
| Defendant(s). | |

Presently before the court is defendant SFR Investments Pool, LLC's ("SFR") motion for partial summary judgment. (ECF No. 44). Crossdefendant Mortgage Electronic Registration Systems, Inc. ("MERS") (ECF No. 52) and plaintiff U.S. Bank, N.A. ("US Bank") (ECF No. 53) filed responses, to which SFR replied (ECF Nos. 56, 57).

**I.    Facts**

This case involves a dispute over real property located at 2830 Bridleton Avenue, North Las Vegas, Nevada 89081 (the "property"). On July 21, 2005, Vichearith Khuon obtained a loan in the amount of $276,150.00 from crossdefendant Universal American Mortgage Company, LLC ("UAMC") to purchase the property, which was secured by a deed of trust recorded on July 25, 2005. (ECF No. 1).

On November 17, 2009, Alessi & Koenig, LLC ("A&K"), acting on behalf of Azure Manor Rancho De Paz Homeowner Association (the "HOA"), recorded a notice of delinquent assessment lien. (ECF No. 1). On January 14, 2010, A&K recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (ECF No. 1).

On February 8, 2010, A&K recorded another notice of default and election to sell to satisfy the delinquent assessment lien. (ECF No. 1). On September 16, 2010, A&K recorded a notice of trustee's sale. (ECF No. 1).

On November 9, 2010, A&K faxed Bank of America, N.A. ("BANA") a copy of a payoff for the HOA lien. (ECF No. 1 at 5). On November 22, 2010, BANA wired $495.00 to Miles, Bauer, Bergstrom, Winters LLP to pay the superpriority lien. (ECF Nos. 1 at 5; 23 at 14).

On December 13, 2011, MERS executed an assignment of deed of trust, which was recorded on December 15, 2011, assigning the deed of trust to US Bank. (ECF No. 1 at 3).

On August 14, 2012, A&K recorded another notice of trustee's sale. (ECF No. 1 at 4). On September 12, 2012, SFR purchased the property at the foreclosure sale for $7,500.00. (ECF No. 1). A trustee's deed upon sale in favor of SFR was recorded on September 24, 2012. (ECF No. 1).

On August 11, 2015, US Bank filed the underlying complaint, alleging two causes of action: (1) quiet title/declaratory judgment against SFR; and (2) injunctive relief against SFR. (ECF No. 1).

On July 7, 2016, SFR filed a counterclaim against US Bank and a crossclaim against MERS, UAMC, and Khuon for quiet title and declaratory relief, injunctive relief, and slander of title (against US Bank). (ECF No. 23).

In the instant motion, SFR moves for partial summary judgment on an issue of law. (ECF No. 44).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

James C. Mahan
U.S. District Judge

- 2 -

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040,

1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

In the instant motion, SFR moves for an order that "post-*Bourne Valley* [*Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016)], under the Return Doctrine, NRS Chapter 116's 'notice scheme' 'returns' to its 1991 version." (ECF No. 44).[1]

In essence, SFR requests that this court issue an advisory opinion, which Article III prohibits. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998). Specifically, the United States Supreme Court has held, in relevant part, as follows:

> [T]he Article III prohibition against advisory opinions reflects the complementary constitutional considerations expressed by the justiciability doctrine: Federal judicial power is limited to those disputes which confine federal courts to a rule consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.

*Flast v. Cohen*, 392 U.S. 83, 97 (1968).

Accordingly, the court will deny SFR's motion for partial summary judgment (ECF No. 44).

. . .

. . .

. . .

---

[1] The "return doctrine" provides that an unconstitutional statute is no law and the previous constitutional version of the law is revived when it is struck down. *See, e.g.*, *We the People Nev. ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008).

**James C. Mahan**
**U.S. District Judge**

- 4 -

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion for partial summary judgment (ECF No. 44) be, and the same hereby is, DENIED.

DATED July 5, 2017.

                                                                              */s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE