|     |     |     |
| --- | --- | --- |
| 1   | **UNITED STATES DISTRICT COURT** | |
| 2   | **DISTRICT OF NEVADA** | |

| | | |
| --- | --- | --- |
| U.S. BANK, N.A., et al., | ) | Case No. 2:15-cv-01527-JCM-CWH |
| Plaintiffs, | ) | |
| v. | ) | |
| SFR INVESTMENTS POOL 1, LLC, | ) | **ORDER** |
| Defendant. | ) | |

Presently before the Court is Plaintiff U.S. Bank, N.A.'s motion for leave to file first amended complaint (ECF No. 67), filed on September 1, 2017. No party filed a response.

Also before the Court is Plaintiff's motion to extend discovery (ECF No. 70), filed on December 21, 2017. Defendant SFR Investments Pool 1, LLC filed a response (ECF No. 71) on January 4, 2018, and Plaintiff filed a reply (ECF No. 72) on January 12, 2018.

**I.  Motion for Leave to Amend**

Plaintiff first moves for leave to file an amended complaint which would add Azure Manor/Ranch de Paz Homeowners Association ("Azure") as a defendant in this case, for *inter alia*, a claim of wrongful foreclosure. Plaintiff notes that Azure was not included in the original complaint because of the Nevada Supreme Court's decision in *McKnight Family, LLP v. Adept Mgmt. Servs.*, 310 P.3d 555, 556 (Nev. 2013) and Nev. Rev. Stat. 38.310 both require that claims against an HOA for wrongful foreclosure must be submitted to mediation before bringing a complaint in court. Plaintiff avers that it filed a claim with the Nevada Department of Business and Industry, Real Estate Division ("NRED") on August 20, 2015. Plaintiff now argues that since the mediator assigned to this case has failed to schedule or complete any attempt to mediate this dispute, it should be excused from the requirements of Nev. Rev. Stat. 38.310.

Plaintiff acknowledges that its claims against Azure fall under the purview of Nev. Rev. Stat. § 38.310(1), which requires that actions based on claims relating to the enforcement of covenants related to residential property may not be commenced in court unless the action has first been

submitted to mediation. Section 38.310(2) further provides that courts "shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Plaintiff argues that mediation is futile in this case since mediation has not been completed in what it considers to be a timely manner. However, Plaintiff provides no authority that NRED's failure to complete mediation in any specified time period constitutes a waiver to the requirements of § 38.310. *See Bank of Am., N.A. v. Travata & Montage at Summerlin Ctr.*, No. 2:16-CV-00345-JCM-GWF, 2017 WL 936625, at *2 (D. Nev. Mar. 9, 2017). Plaintiff's claim against Azure which are subject to Nev. Rev. Stat. 38.310 are barred by state law until mediation has been completed. The Court will therefore deny Plaintiff's motion for leave to amend.

## II. Motion to Extend Discovery

Plaintiff also moves to extend discovery in this matter, citing delays related to the attempts to submit this matter for mediation before the NRED. Plaintiff requests that the deadlines be extended so that it can conduct a deposition of Azure's Trustee, Alessi & Koenig, and to allow time for Azure to participate in discovery. Defendant opposes the motion, arguing that Plaintiff failed to provide good cause for the extension.

Under Local Rule 26-4, a request to extend discovery "made within 21 days of the subject deadline must be supported by a showing of good cause." Requests made after the expiration of a deadline "will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." Plaintiff's motion was filed on December 21, 2017, the day discovery in this case was set to close. Plaintiff's motion must therefore meet the "good cause" standard.

Plaintiff argues that it had to reschedule its deposition of Alessi & Koenig after they were unable to appear on the originally noticed date. Defendant does not contest this assertion. The Court therefore finds good cause to extend discovery for the purpose of completing this deposition. As Azure has not been added as a party at this time, the Court does not find good cause for any further extension of the discovery period.

//

//

//

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to file first amended complaint (ECF No. 67) IS DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to extend discovery (ECF No. 70) is GRANTED in part and DENIED in part. Discovery in this matter shall be extended for the purpose of completing the deposition of Alessi & Koenig.

DATED: January 16, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge