UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK, N.A., | Case No. 2:15-CV-1527 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiff U.S. Bank, N.A.'s ("U.S. Bank") motion for reconsideration (ECF No. 98), which follows remand from the Ninth Circuit. Defendant SFR Investments Pool 1, LLC ("SFR") filed a response. (ECF No. 101). U.S. Bank did not file a reply and the time to do so has passed.

**I.  Facts**

This case involves a dispute over real property located at 2830 Bridleton Avenue, North Las Vegas, Nevada, 89081 (the "property"). (ECF No. 1)

Vichearith Khuon purchased the property on July 21, 2005. (ECF No. 81-3). Khuon financed the purchase with a loan in the amount of $276,150.00 from Universal American Mortgage Company, LLC ("Universal"). (ECF No. 81-5). Universal secured the loan with a deed of trust, which it recorded on July 25, 2005. *Id*. The deed of trust identifies Universal as the lender, Stewart Title Company as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*. On December 15, 2011, U.S. Bank acquired all beneficial interest in the deed of trust. (ECF No. 1).

On November 17, 2009, Azure Manor/Rancho de Paz Homeowners Association ("Azure"), through its agent Alessi & Koenig, LLC ("A&K"), recorded a notice of delinquent assessment lien (the "lien") against the property for Khuon's failure to pay Azure in the amount of $1,347.14. (ECF No. 81-10). On January 14, 2010, Azure recorded a notice of default and election to sell pursuant to the lien, stating an amount due of $2,187.14. (ECF No. 81-15).

On November 5, 2010, U.S. Bank's predecessor in interest requested from Azure the superpriority amount of the lien. (ECF No. 80-16). On November 9, 2010, Azure provided a payoff ledger of Khuon's delinquent payment history. (ECF No. 80-3). The payoff ledger shows an outstanding balance of $4,481.44, but does not state what portion of the balance constitutes the superpriority portion of the lien. *Id*. The ledger also does not include charges for maintenance and nuisance abatement. *Id*. The ledger does state, however, that Azure's monthly assessments against the property were $55.00. *Id.*

U.S. Bank's predecessor in interest used the ledger to calculate the superpriority amount as $495.00, the sum of nine months of assessments. *Id.* On December 2, 2010, U.S. Bank's predecessor in interest sent a letter and a check in that amount to Azure. *Id*. The letter explained that the check was the sum of nine months of common assessments and intended to pay off the superpriority portion of the lien. *Id*. Azure rejected the check without explanation. *Id*.

On August 14, 2012, Azure recorded a notice of trustee's sale against the property, stating an amount due of $5,651.44. (ECF No. 81-21). On September 12, 2012, Azure sold the property in a nonjudicial foreclosure sale to SFR in exchange for $7,500. (ECF No. 81-28). On September 24, 2012, SFR recorded the foreclosure deed with the Clark County recorder's office. *Id*.

On August 11, 2015, U.S. Bank initiated this action, asserting two causes of action: (1) quiet title/declaratory judgment against SFR; and (2) permanent and preliminary injunction against SFR. (ECF No. 1). On July 5, 2018, the court granted SFR's motion for summary judgment (ECF No. 81) and held that the foreclosure sale extinguished the deed of trust. (ECF No. 92). On August 6, 2018, U.S. Bank filed a notice of appeal. (ECF No. 93).

On September 13, 2018, the Nevada Supreme Court issued a ruling clarifying how courts should apply NRS 116.3116 *et seq.* ("Chapter 116")—the statute that Azure relied on when it

- 2 -

foreclosed on the property. *See Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) ("*Bank of America*").

On October 24, 2018, U.S. Bank filed a motion for reconsideration. (ECF No. 98). On December 21, 2018, the Ninth Circuit stayed appellate proceedings pending the court's indicative ruling on U.S. Bank's motion. (ECF No. 106). On March 12, 2019, the court filed an indicative ruling stating that it would grant U.S. Bank's motion upon remand from the Ninth Circuit. (ECF No. 107). On March 27, 2018, the Ninth Circuit remanded this case for the limited purpose of allowing the court to enter its indicative ruling. (ECF No. 108).

**II.  Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 60(b) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

**III.  Discussion**

U.S. Bank argues that the foreclosure sale did not extinguish the deed of trust because it sufficiently tendered the superpriority portion of the lien. (ECF No. 98). In light of the Nevada Supreme Court's holding in *Bank of America*, the court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior

1 lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The
2 superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and
3 maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other
4 HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills
5 Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

6       In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not
7 extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the
8 HOA's representations to calculate and tender the sum of nine months of delinquent assessments.
9 *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018). Although the
10 superpriority portion of an HOA lien typically includes maintenance and nuisance abatement
11 charges, the court held that "Bank of America tendered the correct amount to satisfy the
12 superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any
13 charges for maintenance or nuisance abatement." *Id*. at 118.

14       The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in
15 this case. Like *Bank of America*, where Bank of America relied on the HOA's representations to
16 calculate nine months of assessments, U.S. Bank's predecessor in interest relied on Azure's ledger
17 to calculate nine months of assessments. *See id*. at 118; (ECF Nos. 80-3, 80-16). Further, Azure,
18 like the HOA in *Bank of America*, has not indicated that the property had any charges for
19 maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118; (ECF Nos. 80-3).
20 Thus, when U.S. Bank's predecessor in interest sent a check for nine months of assessments to
21 Azure, it properly tendered the superpriority portion of the lien.

22       Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See Bank
23 of America*, 427 P.3d at 121 ("It follows that after a valid tender of the superpriority portion of an
24 HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

25 **IV.**    **Conclusion**

26       Pursuant to the Ninth Circuit's remand, the court will grant U.S. Bank's motion for
27 reconsideration consistent with the court's March 12, 2019, indicative ruling.

28 . . .

**James C. Mahan
U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that U.S. Bank's motion for reconsideration (ECF No. 98) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court order filed on July 5, 2018, (ECF No. 92) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that plaintiff shall prepare and submit to the court a proposed judgment consistent with the foregoing within fourteen (14) days of the date of this order.

DATED March 29, 2019.

_____
UNITED STATES DISTRICT JUDGE