UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK, N.A., | Case No. 2:15-CV-1527 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, | |
| Defendant(s). | |

Presently before the court is defendant and cross-claimant SFR Investments Pool 1, LLC's ("SFR") motion for a stay or injunction pending appeal to prohibit plaintiff and counter-defendant U.S. Bank N.A. ("U.S. Bank") from proceeding with a foreclosure sale. (ECF No. 126). U.S. Bank responded in opposition (ECF No. 128) to which SFR replied (ECF No. 131).

Also before the court is U.S. Bank's countermotion to expunge the lis pendens. (ECF No. 129). U.S. Bank responded in opposition. (ECF No. 132).

**I.     BACKGROUND**

This court has ruled that SFR purchased the real property at issue subject to U.S. Bank's deed of trust because Miles Bauer—counsel for U.S. Bank's predecessor in interest—tendered the superpriority portion of the HOA's lien to the HOA's agent Alessi & Koenig, LLC ("Alessi") before the foreclosure sale. (Order, ECF No. 109; J., ECF No. 111). SFR appealed on April 29, 2019. (Notice of Appeal, ECF No. 113). The appeal is fully briefed and pending. *See U.S. Bank N.A. v. SFR Investments Pool 1, LLC*, No. 19-15912 (9th Cir.).

The secured loan on the property has been in default since December 2010. (ECF No. 126 at 5). U.S. Bank's agent recorded a notice of sale on February 2, 2021. (*Id.* at 2). The

James C. Mahan
U.S. District Judge

foreclosure sale is set for April 19, 2021. (*Id.*). SFR now moves for a stay or injunction to stop the foreclosure sale. (*Id.*).

## II.  LEGAL STANDARD

A notice of appeal divests this court of jurisdiction over matters being appealed. However, the court retains jurisdiction to preserve the status quo during the appeal. *Natural Res. Def. Council, Inc. v. Sw. Marine, Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). Federal Rule of Appellate Procedure 8(a) provides that "[a] party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal . . . ." Fed. R. App. P. 8(a)(1)(A); *see also* Fed. R. App. P. 62(d).

"The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). The standard includes the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Golden Gate Rest. Ass'n v. City and Cnty. of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The Ninth Circuit has two "interrelated legal tests for the issuance of a preliminary injunction" which are two "outer reaches of a single continuum." *Lopez*, 713 F.2d at 1435 (citation and quotation marks omitted). At one end of the continuum, "the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Id.* "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

On a motion for a stay or injunction pending appeal, "a likelihood of success on the merits is a particularly troublesome factor" because "it requires [the] court to essentially predict that it has rendered an erroneous decision." *US Bank, N.A. v. Renovista Ridge Master Prop. Owners Ass'n*, No. 3:17-cv-00283-RCJ-VPC, 2019 WL 8275339, at *3 (D. Nev. Mar.

**James C. Mahan**
**U.S. District Judge**

- 2 -

27, 2019). Thus, in this context, "it is enough that the [stay applicant] has raised serious legal questions going to the merits, so serious, substantial, and difficult as to make them a fair ground of litigation and thus for more deliberate investigation." *Id.* (quoting 30 Am. Jur. § 41.).

### III. DISCUSSION

#### A. Stay or Injunction Pending Appeal

SFR's motion for a stay or injunction pending appeal is denied because it has not raised serious legal questions going to the merits. SFR says U.S. Bank did not meet its burden at summary judgment to prove delivery of valid tender. (ECF No. 126 at 4). U.S. Bank has no proof of delivery from Miles Bauer to Alessi "such as a signed runner delivery slip." (ECF No. 126 at 4 ("Here, both Mr. Jung and Mr. Miles both testified that the run slip should be in the file if the check was, indeed, delivered.")). SFR relies on two recent Nevada Supreme Court cases: *Bank of America, N.A. v. Las Vegas Rental & Repair, LLC Series 57*, 451 P.3d 547 (Nev. 2019) (unpublished) (hereinafter "*LVRR*") and *Resources Group, LLC v. Nevada Ass'n Services, Inc.*, 437 P.3d 154 (Nev. 2019). (*Id.*).

In response, U.S. Bank points to the seminal *Diamond Spur* decision and argues that there is no requirement that a party asserting successful tender must also prove "specific details of delivery of the tender." (ECF No. 128 at 5–6 (citing *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 120–21 (Nev. 2018) ("*Diamond Spur*")). And even if there is such a requirement, the record undisputedly shows that "tender was delivered to Alessi." (*Id.* at 6 (citations to the record)).

Even though *LVRR* reversed summary judgment for the foreclosure sale purchaser, the court did not grant summary judgment for the lender: "[T]he absence of a courier slip in Miles Bauer's file and the absence of any record of delivery in NAS's file creates a genuine issue of material fact as to whether the tender letter and check were delivered." *LVRR*, 451 P.3d 547 at *1. But *LVRR* is not binding on the Ninth Circuit. And regardless, it does not hold that tender delivery *must* be shown by a signed runner delivery slip. The case's disposition cannot be decoupled from its record and the issues on appeal. *Id.* at *1 n.2. The record there included only a tender letter and voided check. *Id.* at *1.

James C. Mahan
U.S. District Judge

- 3 -

The record here is materially different. Most importantly, Miles Bauer's 30(b)(6) witness Rock Jung testified by affidavit that Miles Bauer delivered tender, Alessi rejected it, and the firm's business records confirm this. (Jung Aff., ECF No. 80-6).

Judge Miranda Du has ruled that a virtually identical affidavit and supporting documentation precluded a genuine dispute over tender delivery. *Nationstar Mortg. LLC v. Augusta Belford & Ellingwood Homeowners Ass'n*, No. 2:15-cv-01705-MMD-PAL, 2019 WL 1173341, at *4 (D. Nev. Mar. 12, 2019), *aff'd sub nom.* 2021 WL 487238 (9th Cir. Feb. 10, 2021). Similarly here, the Miles Bauer 30(b)(6) witness in *Ellingwood* "testified to [the fact of delivery] on the basis of his personal knowledge of the law firm's procedures for creating records of these events." *Id.* And Judge Du found that his affidavit undisputedly proved the HOA's agent rejected tender because it was supported by "an entry to that effect in the law firm's record-keeping system." *Id.* She also disregarded SFR's argument that "Miles [Bauer] [failed] to provide proof of the alleged rejection and return of the check via runner." *Id.*

Thus, even assuming the balance of hardships tips sharply in SFR's favor, the court doubts that there are serious legal questions over tender delivery here. *Accord SFR Investments Pool 1, LLC v. Nationstar Mortg., LLC*, 461 P.3d 173 (Nev. App. 2020) (unpublished) (discussing *LVRR* and affirming summary judgment based on an affidavit supported with copies of a tender letter, check, and internal Miles Bauer filing system printout). For this reason, SFR's motion for a stay or injunction pending appeal is DENIED.

**B.  Expungement of the Lis Pendens**

A lis pendens is "a notice of the pendency of the action," Nev. Rev. Stat. § 14.010(1), that "provides constructive notice to the world that a dispute involving real property is ongoing." *Weddell v. H2O, Inc.*, 271 P.3d 743, 751 (Nev. 2012); *see also Ditech Fin. LLC v. SFR Investments Pool 1, LLC*, No. 2:16-cv-00127-GMN-NJK, 2019 WL 1442167, at *1 (D. Nev. Mar. 30, 2019) (granting a motion to expunge a lis pendens because "[t]he parties have voluntarily dismissed their Ninth Circuit appeal, therefore, there is no longer an action affecting the title or possession of real property").

James C. Mahan
U.S. District Judge

- 4 -

A party can move for expungement of a lis pendens under NRS § 14.015. A proponent of a lis pendens must show, among other things, that "it is likely to prevail on the merits or that it has a fair chance of success, such that the hardship on the party recording the lis pendens is greater [than] the hardship on the property owner." *Oniszk-Horovitz v. Saxon Mortg.*, No. 2:11-cv-00243-RLH, 2011 WL 6002959, at *1 (D. Nev. Nov. 30, 2011) (citing NRS § 14.015(3)). Nevada favors a restrictive application of its lis pendens statutes. *Id.*

To that end, U.S. Bank says that "the ability to maintain a lis pendens is predicated upon the possibility of a party's potential future entitlement to the property." (ECF No. 129 at 12). As aforementioned, SFR has not raised serious legal questions going to the merits. For this reason, U.S. Bank's countermotion to expunge SFR's lis pendens is GRANTED.

### IV.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion for a stay or injunction pending appeal (ECF No. 126) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that U.S. Bank's countermotion to expunge the lis pendens (ECF No. 129) be, and the same hereby is, GRANTED.

DATED March 8, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -